NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 26, 2013
Decided June 26, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | |
|---|---|
| No. 12-3635 | |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 12-10050-001 |
| STEPHEN D. FLEMING, JR., *Defendant-Appellant.* | Joe B. McDade, *Judge.* |

**O R D E R**

Stephen Fleming used an online file-sharing program to distribute 47 files containing child pornography to an undercover FBI agent. Fleming's stash included an image of a female toddler performing oral sex on an adult male and a video of a prepubescent female bound at the hands and legs performing sex acts. Fleming, who is 36, pleaded guilty to distributing child pornography. *See* 18 U.S.C. § 2252(a). The district court sentenced him to 180 months' imprisonment, below his guidelines range of 210 to 240 months (based on a total offense level of 37, a category I criminal history, and the statutory maximum, *see id*. § 2252(b)(1)). Fleming filed a notice of appeal, but his appointed lawyer believes that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Fleming has not accepted our invitation to comment on counsel's motion. *See* CIR. R.

51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *United States v. Schuh,* 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first notes that Fleming does not want to challenge his guilty plea, and thus counsel properly refrains from discussing the voluntariness of the plea or the district court's compliance with Federal Rule of Criminal Procedure 11. *See United States v. Konczak,* 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox,* 287 F.3d 667, 671 (7th Cir. 2002).

Counsel concludes, and we agree, that a challenge to the reasonableness of Fleming's prison sentence would be frivolous. As counsel notes, we would presume that the below-guidelines sentence is reasonable, *see Rita v. United States,* 551 U.S. 338, 350–51 (2007); *United States v. Klug,* 670 F.3d 797, 800 (7th Cir. 2012), and counsel cannot identify any reason to disturb that presumption. The district court adequately discussed the relevant sentencing factors under 18 U.S.C. § 3553(a): The court emphasized the nature of the offense, noting that "you are fixated on toddlers, the youngest of the young," as well as the need for deterrence, noting that "I not only want to impose a sentence that will deter you from repeating this but other persons out there who may be so inclined because there is no one to protect these young people." The court reasonably found that regardless of Fleming's sparse criminal history, poor family life, and record of drug and alcohol addiction, these considerations did not outweigh his propensity to get involved with such young children.

The motion to withdraw is GRANTED, and the appeal is DISMISSED.